USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/28/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
ROSZLYN WILLIAMS,

               Plaintiff,        05 Civ. 6949 (DAB)

                                  ADOPTION AND MODIFICATION
                                  OF REPORT
      -against-                 AND RECOMMENDATION

GEORGE LAURENCE JUROW, et al.,

               Defendants.
------------------------------------X

DEBORAH A. BATTS, United States District Judge.

    On June 29, 2007, Magistrate Judge Henry B. Pitman issued a Report and Recommendation ("Report") in the above-captioned case. Magistrate Judge Pitman recommends that Plaintiff's claims alleging violations of her constitutional rights and her alleged rights under 18 U.S.C. §§ 4, 241, 242, 1001, 1341, and for various other torts, be dismissed. Judge Pitman further recommends that Plaintiff's state claims, including her claims for fraud (Count 4), defamation of character and intentional infliction of emotional distress (Count 7), extortion (Count 12), threat of assault with a deadly weapon (Count 13), threat of kidnaping and false imprisonment (Count 15), and trespass (Count 16) be dismissed without prejudice; and that her remaining claims be dismissed with prejudice.

    Pursuant to 28 U.S.C. § 636(b)(1)(C), "[w]ithin ten days after being served with a copy, any party may serve and file

written objections to such proposed findings and recommendations." See also Fed. R. Civ. Pro. Rule 72(b). The District Court is required under 28 U.S.C. § 636(b)(1)(C) to make a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Where no timely objection has been made, "a district court need only satisfy itself there is no clear error on the face of the record." Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). See also, Vega v. Artuz, No. 97 Civ. 3775, 2002 U.S. Dist. LEXIS 18270, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) ("[O]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review . . . [such objections] would reduce the magistrate's work to something akin to a meaningless dress rehearsal." (Citations and internal quotation marks omitted)). After conducting the appropriate level of review, the Court may then accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate. 28 U.S.C. § 636(b)(1)(C); see also Local Civil Rule 72.1(d).

Plaintiff has filed no Objection to the Report.[1] Likewise, neither the State Defendants in this action, nor the Municipal Defendants have filed Objections to the Report. The Legal Aid Defendants, however, have objected to the portions of the Report that dismiss Counts 4, 7, 12, 13 and 15 without prejudice. The Legal Aid Defendants urge this Court to dismiss those Counts with prejudice. The Court reviews the objected-to portion of the Report de novo.

I. BACKGROUND

The facts in this matter are detailed in Judge Pitman's Report; unless relevant, they are not reiterated here.

In sum, Judge Pitman determined that all claims against the State Defendants are barred under the doctrine of judicial immunity. (Report at 13.) Judge Pitman also determined that Plaintiff's claims against the Legal Aid Defendants for constitutional and civil rights violations, including her claims under § 1983, must fail because she failed to allege that the Legal Aid Defendants' conduct amounted to "state action." (Id. at 15.) Judge Pitman further finds that Plaintiff's claims for federal crimes, including false statements, criminal conspiracy

---

[1] On April 8, 2008, and again on April 13, 2008 the Court did receive in Chambers letter requests from Plaintiff asking for the Court to enter a judgment regarding this case.

3

and misprision of felony, fail because the applicable federal statutes do not give rise to a private cause of action. (Id. at 18-20.) Judge Pitman also determined that Plaintiff's copyright infringement claims fail as a matter of law; that Plaintiff's claim against the Legal Aid Defendants for extortion under federal statute fails because there is no private right of action; and that the remaining claims against Legal Aid Defendants are state law claims which should be dismissed without prejudice because they lack an independent basis of subject-matter jurisdiction. (Id. at 21-22.)

Judge Pitman recommends that Plaintiff's claims against Municipal Defendants for constitutional violations, racial or religious discrimination, and malicious prosecution be dismissed because she has failed to allege any facts in support of those claims. (Id. at 26.) Likewise, Judge Pitman concludes that Plaintiff's claims against Municipal Defendants based on federal criminal statutes fail because she has no private right of action. (Id. at 27.) Finally, Judge Pitman determined that state law claims against the Municipal Defendants should be dismissed without prejudice because there is no independent basis for subject matter jurisdiction as to those claims. (Id. at 28.)

Judge Pitman does not consider the adequacy of claims asserted against Defendant Burrowes, who has thus far failed to move against or Answer Plaintiff's Amended Complaint.

On July 20, 2008, the Court received Legal Aid Defendants' Objection to the Report. Legal Aid Defendants' Objection asks this Court to dismiss Plaintiffs' state law claims against them with prejudice, instead of without prejudice as Judge Pitman recommends. (Obj. at 2.)

## II. DISCUSSION

### A. Legal Standard

For a complaint to survive dismissal under Rule 12(b)(6), the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007.) In other words, a plaintiff must satisfy "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007.) "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Twombly, 127 S.Ct. at 1964-65 (internal quotation marks omitted.) Further, in deciding a motion to dismiss, the

court "must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." Roth v. Jennings, 489 F.3d 499, 510 (2d Cir. 2007) (citation omitted.) However, "general, conclusory allegations need not be credited ... when they are belied by more specific allegations of the complaint." Mortimer Off Shore Servs., Ltd. v. Fed. Republic of Germany, No. 05 Civ. 10669, 2007 WL 2822214, at *7 (S.D.N.Y. Sept. 27, 2007.)

Under 28 U.S.C. § 1367(c)(3), a court may decline to exercise supplemental jurisdiction over a plaintiff's state law claims in the event that the federal claims are dismissed. "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).

In this Circuit, the weight of authority suggests that it is inappropriate for a Court to exercise supplemental jurisdiction over a state claim where all federal claims have been dismissed and the state claims have no independent basis for subject matter jurisdiction. See e.g., Valencia ex rel. Franco v. Lee, 316 F.3d 299, 306 (2d Cir. 2003) (observing that, usually, when all federal law claims are eliminated before trial, the balance of

factors to be considered under the pendent jurisdiction doctrine will point toward declining to exercise jurisdiction over the remaining state-law claims); Giordano v. City of New York, 274 F.3d 74, (2d Cir. 2001) (vacating that portion of a district court's prejudicial ruling on state and municipal claims and remanding with directions to dismiss those claims without prejudice to their being brought in an appropriate state forum); Seabrook v. Jacobson, 153 F.3d 70, 72 (2d Cir. 1998) (observing that it is especially suitable for the district court to decline to exercise supplemental jurisdiction where "the federal claim on which the state claim hangs has been dismissed."); Marcus v. AT&T Corp., 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well."). Baylis v. Marriott Corp., 843 F.2d 658, 664-65 (2d Cir. 1988) (noting that, although dismissal of pendent state claims is not absolutely mandatory, "[t]he basis for retaining jurisdiction is weak when... the federal claims are dismissed before trial.)

Given Plaintiff's pro se status, the Court liberally construes her submissions. See Soto v. Walker, 44 F. 3d 169, 173 (2d Cir. 1995) (citing Burgos v. Hopkins, 41 F 3d. 787, 790 (2d Cir. 1994)).

B. <u>Legal Aid Defendants Objection that Plaintiff's State Law Claim Should be Dismissed With Prejudice.</u>

In this case, Legal Aid Defendants argue that the state law claims against them, including Counts 4, 7, 12, 13, and 15, should be dismissed with prejudice, instead of without prejudice as recommended by Judge Pitman. In support of this argument, Legal Aid Defendants cite the elements of each claim, as articulated by New York courts. (Obj. at 1-3.) Legal Aid Defendants urge this Court to apply that state law and find that Plaintiff has failed to state any claims upon which relief may be granted. (<u>Id.</u>) However, Legal Aid Defendants do not argue that there exists an independent basis for subject matter jurisdiction over any of these claims. Moreover, Legal Aid Defendants cite no precedent that compels or persuades this Court to go against the weight of authority in this Circuit and retain pendent jurisdiction over Plaintiff's state claims, particularly in light of the fact that all federal causes of action have been dismissed. Accordingly, the Court overrules the Legal Aid Defendants' Objection to the Report.

The Court reluctantly dismisses the state law claims against Legal Aid Defendants without prejudice to bringing those claims in the appropriate state court forum. However, the Court notes, for the <u>pro se</u> litigant's benefit, that bringing these claims

before a New York State court may subject her to sanctions and monetary penalties for pursuing frivolous litigation.[2]

C. Plaintiff's Claims Against Defendant Raymond Burrowes

Defendant Raymond Burrowes appears to have been the process server who served Plaintiff with a Complaint to appear in Family Court. (Am. Compl. ¶¶ 21, 39.). He has not joined in any of the motions to dismiss or Answered this action. Judge Pitman's November 1, 2005 notation of Defendant Burrowes' default was adopted by this Court on November 21, 2005.

District courts have the authority to dismiss a frivolous claim, whether on motion or *sua sponte*. See Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362 (2d Cir. 2000). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Furthermore, in a scenario where as here, a Defendant is in default, "[t]he absence of any effective answer... would not by itself entitle [a plaintiff] to a judgment in [his or her] favor; to the contrary, the court would still have an independent

---

[2] In determining whether a Plaintiff has engaged in frivolous conduct, New York courts will examine, *inter alia*, "whether or not the conduct was continued when its lack of legal or factual basis was apparent [or] should have been apparent." 22 N.Y.C.R.R. 130-1.1[c]   While this Court does not rule on the merits of the claims because it has dismissed all federal claims, in this Court's view, the lack of legal basis for Plaintiff's state law claims is apparent. In New York, sanctions may be imposed either upon motion, in compliance with McKinney's C.P.L.R. Rule 2214, or Rule 2215, or upon the court's own initiative, after reasonable opportunity to be heard. 22 N.Y.C.R.R. 130-1.1[d].

obligation to ensure that the unanswered allegations suffice to state a claim." 3801 Beach Channel, Inc. v. Shvartzman, No. 05-CV-0207, 2007 WL 2891119, *8 (E.D.N.Y. Sept. 28, 2007) (citing Credit *Lyonnais* Securities (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) and Fed.R.Civ.P. 8(d)).

In this case, Plaintiff lists Defendant Burrowes, the process server, as liable in each of the 17 causes of action she asserts, including for claims ranging from civil rights violations (Count 2), abuse of prosecutorial discretion (Count 9), and extortion (Count 12). Yet the sole factual allegation Plaintiff has made with respect to wrongful or improper conduct specifically committed by Defendant Burrowes, is that "Defendant Raymond Burrowes, claim under penalty by his signature with no date entered That He made several attempts to serve the Plaintiff at my domicile, which he did not. Defendant Raymond Burrowes lied under oath that he is employed by Administration for Children Services, upon investigation this defendant's works for Big Apple Process Services [sic]..." (Am. Compl. ¶ 39.)

Even considering Plaintiff's pleadings with the leniency accorded pro se litigants, the only causes of action asserted by Plaintiff which are even remotely related to this singular factual allegation are her claims for perjury (Count 5) and trespass (Count 16). Accordingly, the Court hereby *sua sponte*

10

dismisses with prejudice Plaintiff's remaining claims against Defendant Raymond Burrowes; those claims are asserted without any factual basis and are entirely frivolous.

The Court also dismisses with prejudice Plaintiff's claim for perjury against Defendant Burrowes because, as discussed in the Report, "[t]he overwhelming weight of authority holds that there is no private right of action for a violation of 18 U.S.C. 1001." (Report at 19 (citations omitted).) Finally, the Court declines to exercise pendent jurisdiction over Plaintiff's only remaining claim against Defendant Burrowes, for trespass. Thus, the Court dismisses the claim for trespass without prejudice to bringing that claim in the appropriate state court forum.

III. CONCLUSION

As discussed *supra,* after reviewing Legal Aid Defendants' Objection de novo, the Court overrules it. The Court reviews the remainder of the Report for clear error. Upon that review, the Court modifies that portion of the Report which does not dismiss claims levied against Defendant Raymond Burrowes. Having found no clear error on the record with the remainder of the Report, and having conducted an independent de novo review of the specifically objected-to portions of the Report, it is ORDERED AND ADJUDGED as follows:

1. The Report and Recommendation of United States Magistrate Judge Pitman dated June 29, 2007, be and the same hereby is **MODIFIED** to **DISMISS**, with prejudice, *sua sponte* all claims against Defendant Burrowes, except for Plaintiff's claim for trespass against Defendant Burrowes, which is hereby DISMISSED, without prejudice; the Report is otherwise APPROVED, ADOPTED, and RATIFIED by the Court.

2. Defendants' Motions to Dismiss are GRANTED. All Counts as to State Defendants are DISMISSED, with prejudice; Counts 4, 7, 12, 13 and 15 are DISMISSED as to Legal Aid Defendants without prejudice, and all remaining Counts as to Legal Aid Defendants

are DISMISSED, with prejudice; Counts 4, 7, 12, 15 and 16 are DISMISSED as to the Municipal Defendants without prejudice, and all remaining Counts as to the Municipal Defendants are DISMISSED, with prejudice. Again, the fact that the Court dismisses claims without prejudice should not be read to say that the Court thinks there is any merit to these claims.

3. The Clerk of Court is directed to close this case and remove it from the docket.

SO ORDERED
DATED:   New York, New York
         August 28, 2008

*Deborah A. Batts*
DEBORAH A. BATTS
United States District Judge